ANN BROWN, PLAINTIFF IN ERROR, V. MRS. H. C. SMITH, DEFENDANT IN ERROR.

[FILED APRIL 17, 1889.]

1. **Husband and Wife.** In an action for ladies' furnishing goods, where it is sought to charge the separate estate of the wife, upon the ground that the credit had been given to her and not to her husband, the plaintiff testified that she had copied the account from the books of original entry and had then given such books to her children for scrap books, and that they had mutilated or destroyed the same. The contest being whether the credit was given to the husband or wife, *held*, that the failure to preserve and produce the books of original entry, under the circumstances, was ground of suspicion.

2. **Practice.** Ordinarily, where the clear weight of testimony is against the verdict, so that it is apparent that it is wrong, the judgment will be reversed.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Pound & Burr*, for plaintiff in error, cited: *Spaun v. Mercer*, 8 Neb. 357; *Davis v. First National Bank of Cheyenne*, 5 Id. 242.

*B. F. Johnson*, for defendant in error, cited: *Davis v. First National Bank of Cheyenne*, 5 Neb. 242; *Webb v. Hoselton*, 4 Id. 308; *Tillman v. Shackleton*, 15 Mich. 446;

*Campbell v. White*, 22 Id. 178; *Miller v. Brown*, 47 Mo.
504; *Whitesides v. Cannon*, 23 Id. 457.

MAXWELL, J.

· This action was brought on an account for ladies' furnishing goods. On the trial of the cause the jury returned a verdict in favor of the defendant in error for $417.30, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The petition contains four allegations:

First—That from 1883 to 1886 plaintiff was engaged in mercantile business in Lincoln.

Second—That during these years she sold to defendant goods on credit on "representations of defendant that the goods purchased were for her special use and benefit;" that defendant owned real estate in her own name, and that out of her separate estate she would pay for the goods.

Third—That during these years, at various times, defendant paid different sums on said accounts, at all times acknowledging the amount to be just, and that she would pay it; and that on the faith of these representations "credit was given to defendant."

Fourth—That $417.30 is due, and plaintiff prays judgment for $417.30 and costs.

The answer contains two defenses:

First—A general denial.

Second—Alleges that defendant is, and was at the time the debt was contracted, a married woman, living with her husband; that plaintiff well knew the same; that the goods were purchased by defendant's husband for his family; that any and all · payments were made by defendant's husband; that at no time did defendant carry on any trade or business on her sole and separate account.

The contention of the plaintiff in error is that the goods in question were sold to the children of George Brown, her

husband, she being their mother, and that such goods were sold on the credit of and charged to George Brown, her husband. The testimony shows that a large part of the goods were purchased by one Anna Brown, a daughter of George Brown and the plaintiff in error, for the use of such daughter and other daughters of said parties. But one garment—a dress, so far as appears—was for the use of the plaintiff in error. The principal question in the case is, To whom was the credit given? The defendant in error testifies that the credit was given to the plaintiff in error; that she made inquiry as to the financial ability of Mr. Brown, and found that it was not good; that Mrs. Brown possessed property, and that the latter promised to pay her when she sold such property; that but for such promise on the part of the plaintiff in error, she would not have sold the goods in question to her children.

Unfortunately for the defendant in error, she failed to produce the books of original entry.

She testified that the account sued on was copied from such books; that thereupon she gave the books to her children "for scrap books," and that they had been mutilated or destroyed. This explanation is not very satisfactory; and it is somewhat remarkable that in suing on an account which is liable to be contested, the books upon which the original charges were made should willfully have been turned over to her children as things of no value. The failure to preserve and produce such books, under the circumstances in this case, must be regarded with suspicion. If such books upon being produced showed that the original charges were against the plaintiff in error, they would go far to establish the account as a charge against her. On the other hand, if they should show that the charges were against George Brown, the books would be fatal to the claim of the defendant in error. Hence the importance of producing such books in evidence. The plaintiff in error testifies that she never purchased any of the goods in question

of the defendant in error, nor were such goods purchased on her credit. Anna Brown, the daughter, who seems to have purchased all or nearly all of the goods, testifies that they were purchased on the credit of and charged to her father, George Brown; and other witnesses testify to facts tending to corroborate the testimony of the two witnesses last named. In addition to this, it is clearly shown that the bill was presented to George Brown at various times, and payment thereof demanded from him; and in such bill the charges seem to have been against George Brown, and he made some small payments on the account. The clear weight of testimony therefore sustains the defense that the goods were sold to and charged to George Brown. The plaintiff in error, in her cross-examination, while denying that she purchased the goods, or that they were purchased on her credit, admits that she had stated to some one who presented the bill, that she would pay the same when she sold her property. Whether such a promise is binding upon her or not, not being in writing, it is unnecessary to consider, as the action is not founded upon a new promise, but upon the original liability of the plaintiff in error.

The judgment of the district court is against the clear weight of the evidence, and is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other Judges concur.